**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MITCHELL FELDMAN and**
**FELDMAN MORGADO PA,**

    Plaintiffs,

v.                                                                              Case No.  8:14-cv-1637-T-30EAJ

**IMPERIUM INSURANCE COMPANY,**

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Imperium Insurance Company's Opposed Motion to Dismiss or in the Alternative Abate Count II of Plaintiffs' Complaint (Dkt. 7) and Plaintiffs' Response in Opposition (Dkt. 10).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

This is a simple insurance dispute case.  Plaintiffs Mitchell Feldman and Feldman Morgado PA allege claims for declaratory relief under the Florida Declaratory Judgment Statute (Count I) and breach of contract (Count II).  Plaintiffs contend that, under their professional liability insurance policy with Defendant Imperium Insurance Company, Imperium is required to defend and indemnify them in an underlying action.

Imperium moves to dismiss or abate the breach of contract claim, arguing that it is really a premature claim for bad faith.  A review of the complaint, however, reflects that the breach of contract claim is not premised on any bad faith on the part of Imperium.

Specifically, the claim simply alleges that Imperium breached the subject policy when it refused to provide a defense to Plaintiffs, breached the subject policy when it refused to indemnify Plaintiffs for any legal liability arising out of the underlying action, and, as a legal cause of the breach, Plaintiffs have and will incur the cost of a defense that was wrongfully refused them.

Imperium seems to assume that the use of the term "wrongfully" morphs the breach of contract claim into a premature bad faith claim. This is not so. Florida law is clear that a breach of contract claim is an appropriate claim against an insuror for its breach of a term in the subject policy. *See, e.g. Carrousel Concessions, Inc. v. Florida Ins. Guar. Ass'n*, 483 So. 2d 513 (Fla. 3d DCA 1986). The subject policy at issue in this case includes terms regarding Imperium's duty to defend and indemnify Plaintiffs. There is simply no basis to construe the claim as anything other than a breach of contract claim. And Plaintiffs' response makes clear that they are not alleging a bad faith claim at this stage.

It is therefore ORDERED AND ADJUDGED that Defendant Imperium Insurance Company's Opposed Motion to Dismiss or in the Alternative Abate Count II of Plaintiffs' Complaint (Dkt. 7) is denied.

**DONE** and **ORDERED** in Tampa, Florida on August 8, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2014\14-cv-1637.mtdismiss-deny.frm